# BakerHostetler

**BakerHostetler**
1160 Battery Street East
Suite 100
San Francisco, CA 94111
T: 310.442.8899
F: 310.820.8859
www.bakerlaw.com

November 15, 2019

Kimberly S. Morris
direct dial: 628.208.6440
kmorris@bakerlaw.com

**VIA ECF**

Honorable James Donato
United States District Court
Northern District of California
450 Golden Gate Avenue, 19th Floor
San Francisco, CA 94102

Re:   In re *PG&E Corporation and Pacific Gas and Electric Company*,
      Civ. Case No. 3:19-cv-05257-JD

Dear Judge Donato:

We write on behalf of the Official Committee of Tort Claimants (the "**TCC**") to request an order limiting PG&E Corporation and Pacific Gas and Electric Company's ("**PG&E**") discovery of individual fire victims. PG&E recently served discovery on two categories of fire victims: (A) the 16 fire victims the TCC identified in its initial disclosures, who may be called to testify during the estimation hearing about their experience surviving the fires ("**Testifying Fire Victims**"); and (B) victims who have not been identified in the TCC's disclosures or discovery responses, who will not be called at the hearing and who have not stepped forward to share their experience surviving the fires ("**Non-Testifying Fire Victims**").

PG&E's discovery seeks detailed financial documentation and "proof" of these victims' claims so that PG&E may probe them. Because the "proof" of one fire victim's claim is not relevant to the estimation of the tort claims overall, the TCC seeks an order from the Court (A) limiting the discovery of Testifying Fire Victims as described below; and (B) protecting the Non-Testifying Fire Victims from answering PG&E's discovery requests. The parties met and conferred on these issues during a phone conference on November 14, 2019 and in email exchanges on November 15, 2019 but were unable to reach agreement.

### A.   PG&E's Discovery on Testifying Fire Victims

The Testifying Fire Victims are being offered in the estimation hearing solely to narrate their experiences evacuating the fires, coping with life after the fires, and to convey the *qualitative* losses they have suffered as a result of fires. The TCC believes it is important for the Court to

The Honorable James Donato
November 15, 2019
Page 2

hear these first-hand stories of the victims' survival and the Court has signaled its agreement. (10/7/19 Hearing Tr. at 77:10 (Judge Donato: "I want to hear from the victims.").) However, the TCC will not elicit testimony from these victims relating to the financial or dollar-value of losses they suffered as the value of their individual losses will not aid in the estimation of the losses suffered by over 70,000 fire victims. Moreover, it is unfair to subject these 16 victims who volunteered to share their stories with the Court in the estimation proceeding to extensive discovery on the dollar value of their individual claim such as appraisal reports, construction rebuild work orders and receipts, proof of evacuation costs and alternative living expenses, proof of personal property loss greater than $5,000, proof of the victim's income before the fire, proof of business losses, proof of emotional and physical injury, proof of lost community, proof of attorneys' fees and litigation costs, proof of insurance payments and public assistance received.

PG&E's discovery on these topics is improper. **First**, it is not relevant. The specific claim numbers (and the financial support for same) for 16 Testifying Fire Victims is not relevant to this estimation proceeding, which is "not a case-by-case adjudication of claims but an overall estimate." (*See* 9/10/19 Hearing Tr. at 8:8-12.) PG&E has stated (in the context of the victim questionnaire they proposed) that data for even 1,000 claimants is not a statistically significant volume to aid the estimation process. The Court reached a similar conclusion. (*See* 10/28/19 Hearing Tr. (the Court stating that it did not "think 500 is going to be nearly enough [and] [w]hether 5,000 is," it did not know)). There is no conceivable way that data for 16 victims could be extrapolated to assist in the estimation all claims, which is currently estimated to exceed 70,000. **Second**, it is unduly burdensome to impose on these fire victims the obligation to search whatever records may still exist. Many of these Testifying Fire Victims have been displaced from their homes. Some have lost family members. Many have not started the processes of rebuilding what they lost or seeking treatment for their stress-related, emotionally-based injuries. Asking these fire victims to produce financial back-up for their claims and be deposed on the details of this backup is unduly burdensome and should not be permitted. Moreover, PG&E already has access to the Brown Greer database containing information for *over 62,000 victims*—it does not need overly burdensome, detailed financial discovery for a handful of fire victims who have volunteered to tell their story to the Court.

In an attempt to cooperate, the TCC understands that the Testifying Fire Victims plan to produce some documents in response to the Debtors' request if they are readily accessible. However, given PG&E's position that it is entitled to probe these victims on the dollar figures of their claims, and to provide guidance to the parties in the conduct of the upcoming victim depositions scheduled to begin on November 19, the TCC requests that the Court enter an order limiting the scope of the Testifying Fire Victims' deposition testimony to: (1) their story of their evacuation and qualitative loss caused by the fire, **but not** the victims' financial losses, the documentation to support their claims, or the dollar-figure of any particular element of their claims; and (2) any documents that a Testifying Fire Victim may voluntarily produce over the objections of the TCC and his or her counsel. And, given the burden of being deposed about the trauma suffered in surviving these catastrophic fires, the TCC also asks that the Court limit each fire victim to one deposition.

### B.   PG&E's Discovery on Non-Testifying Victims

PG&E served similar discovery requests for other fire victims that have ***not*** been identified in the TCC's initial disclosures. These Non-Testifying Fire Victims are not participants in this district court proceeding. They are not members of the Tort Claimants Committee and have not stepped forward to share their story of loss in the claims estimation hearing. The fact that these Non-Testifying Fire Victims merely filed a claim form in the PG&E bankruptcy proceeding does not subject them to discovery in the claims estimation proceeding: estimation is not a "case-by-case adjudication of claims" (*see* 9/10/19 Hearing Tr. at 8:8-12). If data for individual claimants is needed, PG&E already has access to the Brown Greer database containing information for over 62,000 victims and does not need overly burdensome, detailed financial discovery for a handful of fire victims who have not injected themselves into this estimation proceeding.

If the purpose of PG&E's discovery on these Non-Testifying Victims is to aid their estimation case, such discovery is not relevant for the same reasons stated above: financial information about a handful of claimants is not relevant to the estimation of 70,000 claims. If the purpose of PG&E's discovery on these Non-Testifying Victims is to probe the merit of their claims, that topic is impermissible at this stage. Any potential objections PG&E wishes to raise must be raised in the bankruptcy claims objection process. Doing so now, as part of claims estimation, should not be permitted.

Like absent class members are shielded from discovery because they are not active participants in class action cases filed by named plaintiffs, the Non-Testifying Fire Victims also should be shielded because they have not injected themselves in this district court proceeding. *See Tierno v. Rite Aid Corp.*, No. C 05-02520 TEH, 2008 WL 2705089, at *6 (N.D. Cal. July 8, 2008) ("[a]bsent class members are not ordinarily required to submit to discovery" and listing exceptions that do not apply here). PG&E has not articulated good cause to burden non-participants like the Non-Testifying Fire Victims with discovery.

### C.   The Relief Sought by the TCC

The TCC asks that the Court enter an order as follows:

1. The fire victims identified on the TCC's Initial Disclosure may only be deposed once;

2. Deposition questions directed to fire victims may not cover the financial aspects of that victim's loss, such as the dollar figure of any aspect of a fire victim's claim, unless the fire victim has voluntarily produced such documents;

3. Fire victim claimants not identified on the TCC's initial disclosures are not subject to discovery in this claims estimation proceeding and are not obligated to produce documents or appear for a deposition in this matter; and

The Honorable James Donato
November 15, 2019
Page 4

    4.    None of the testimony elicited or documents produced by fire victim witnesses in this claims estimation proceeding can be used by any party at any time as a basis to object to the value of that witness's claim.

We thank Your Honor for considering this request.

Sincerely,

*/s/ Kimberly S. Morris*

Kimberly S. Morris
*Counsel to the Official Committee of Tort Claimants*

cc:    All parties via ECF