THOMAS F. KOEGEL (SBN 125852)
tkoegel@crowell.com
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: 415.986.2800
Facsimile: 415.986.2827

BRIAN J. LOHAN (*Pro Hac Vice* application forthcoming)
brian.lohan@arnoldporter.com
BENJAMIN MINTZ (*Pro Hac Vice* admitted)
benjamin.mintz@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
Telephone: 212.836.8000
Facsimile: 212.836.8689

ARNOLD & PORTER KAYE SCHOLER LLP
Gerardo Mijares-Shafai (*Pro Hac Vice* admitted)
gerardo.mijares-shafai@arnoldporter.com
601 Massachusetts Ave., NW
Washington, DC 20001
Telephone: 202.942.6114

Attorneys for Claimant
AT&T Corp.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br>**PG&E CORPORATION,**<br>- and -<br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br>**Debtors.**<br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br>*All papers shall be filed in the Lead Case, No. 19-30088 (DM)* | Civil Case No. 19-05257 (JD)<br>Case No. 19-30088 (DM)<br>Chapter 11<br>(Lead Case) (Jointly Administered)<br>**OBJECTION OF AT&T CORP AND JOINDER IN OPPOSITION TO DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(A) AND 502(C) TO ESTABLISH ESTIMATED AMOUNT OF FIRE VICTIM CLAIMS FOR ALL PURPOSES OF THE CHAPTER 11 CASES**<br>Date: May 21, 2020<br>Time: 10:00 a.m. (PT)<br>Place: United States District Court<br>Courtroom 11, 19th Floor<br>San Francisco, CA 94102<br>Judge: The Hon. James Donato |

AT&T Corp. ("**AT&T**"), by its attorneys Crowell & Moring LLP and Arnold & Porter Kaye Scholer LLP, hereby files this objection to *Debtors' Motion Pursuant To §§ 105(a) and 502(c) to Establish Estimated Amount Of Fire Victim Claims For All Purposes Of The Chapter 11 Cases* [Docket No. 286] (the "**Motion**") and joinder (the "**Joinder**") to the Objecting Parties' *Opposition to Debtors' Motion Pursuant To 11 U.S.C. §§ 105(a) and 502(c) to Establish Estimated Amount Of Fire Victim Claims For All Purposes Of The Chapter 11 Cases* [Docket No. 299] (the "**Objection**")[1] and states the following:

## OBJECTION AND JOINDER

AT&T is a "Fire Victim," as defined by the Debtors in their proposed Plan of reorganization and other documents in these Chapter 11 Cases. AT&T has filed Proof of Claim Number 86127, which asserts a noncontingent claim against the Debtors in the amount of $238,033,123.96. Of this amount, $89,136,240.07 is liquidated and relates to amounts and costs already incurred (for example, the costs of replacement of equipment destroyed in fires for which the Debtors are liable). These liquidated costs are individually itemized in AT&T's "Fire Victim Claim."

AT&T hereby objects to the relief requested in the Motion and supports and joins in the arguments asserted in the Objection filed by the Objecting Parties. For the reasons set forth herein and in the Objection, the Motion is improper and should be denied. <u>First</u>, the Debtors have failed to articulate the rationale for the requested estimation nor have they adequately explained the specific purposes for which the estimation is sought. <u>Second</u>, the Debtors impermissibly seek to expand the scope of section 502(c) to estimate liquidated, non-contingent Fire Victim Claims. Section 502(c) is by its terms limited to contingent and unliquidated claims and does not empower the Court to estimate liquidated, non-contingent claims including AT&T's liquidated claim. 11 U.S.C. § 502(c) ("there shall be estimated for purposes of allowance . . . ***any contingent or unliquidated claim***, the fixing or liquidation of which, as the case may be, would unduly delay the

---

[1] Capitalized terms used but not otherwise defined in this Joinder shall have the meanings ascribed to them in the Motion or the Objection.

OBJECTION AND JOINDER OF AT&T;
CASE NO. 19-05257-JD

administration of the case") (emphasis added).  Any "estimation" of the Fire Victim Claims must account for the liquidated Fire Victim Claims (including AT&T's) at their face value.  <u>Third</u>, the Motion is devoid of any evidence or historical data to establish that the $13.5 billion settlement reached with the TCC constitutes an appropriate estimation of value of the Fire Victim Claims.  The Court cannot conduct a legitimate and proper estimation under section 502(c) in the absence of an appropriate evidentiary record.  <u>Fourth</u>, the Debtors have failed to meet the estimation requirements of AB 1054, and such matters are best left to be resolved by the Bankruptcy Court in conjunction with Plan confirmation.

## **CONCLUSION**

Based on the foregoing, AT&T respectfully requests that the Motion be denied.

DATED:  April 3, 2019                               CROWELL & MORING LLP

By:     */s/ Thomas F. Koegel*
Thomas F. Koegel
Attorneys for Claimant AT&T CORP.

ARNOLD & PORTER KAYE SCHOLER LLP
Brian J. Lohan (*Pro Hac Vice* application forthcoming)
brian.lohan@arnoldporter.com
Benjamin Mintz (*Pro Hac Vice* admitted)
benjamin.mintz@arnoldporter.com
250 West 55th Street
New York, NY 10019-9710
+1 212.836.8000
+1 212.836.8689

ARNOLD & PORTER KAYE SCHOLER LLP
Gerardo Mijares-Shafai (*Pro Hac Vice* admitted)
gerardo.mijares-shafai@arnoldporter.com
601 Massachusetts Ave., NW
Washington, DC 20001
+1 202.942.5000
+1 202.942.5999