WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Theodore E. Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

KELLER BENVENUTTI KIM LLP
Tobias S. Keller (#151445)
(tkeller@kbkllp.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kbkllp.com)
Jane Kim (#298192)
(jkim@kbkllp.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel:     (415) 496-6723
Fax:    (415) 636-9251

*Attorneys for Debtors and Debtors in Possession*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>PG&E CORPORATION,<br><br>          - and -<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br>Debtors. | Civil Case No. 19-05257 (JD)<br>Bankruptcy Case No. 19-30088 (DM)<br><br>Chapter 11<br>(Lead Case)<br>(Jointly Administered)<br><br>**JOINT RESPONSE OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO THE STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE OBJECTION OF CERTAIN FIRE VICTIMS** |

PG&E Corporation and Pacific Gas and Electric Company (together, "**PG&E**" or the "**Debtors**") and the Official Committee of Tort Claimants (the "**TCC**") jointly submit this statement in response to the *Second Supplemental Objection by Certain Fire Victims to Debtors' Motion Pursuant to 11 U.S.C. 105(a) and 502(c) to Establish Amount of Fire Victim Claims for All Purposes of the Chapter 11 Case*, Dkt. No. 380 (May 28, 2020) (the "**Objection of Certain Fire Victims**") and the *Statement of Official Committee of Unsecured Creditors Regarding Joint Statement of the Debtors and the Official Committee of Tort Claimants in Response to the Court's May 21, 2020 Request*, Dkt. No. 381 (May 28, 2020) (the "**UCC Statement**").

On May 26, 2020, the Debtors and the TCC filed the *Joint Statement of the Debtors and the Official Committee of Tort Claimants in Response to the Court's May 21, 2020 Request*, Dkt. No. 378 (the "**Joint Statement**"), describing, in response to the Court's request, the information and data used to reach the Aggregate Fire Victim Consideration.[1] The Joint Statement also addressed certain issues discussed at the hearing on May 21, 2020. On May 28, the Official Committee of Unsecured Creditors (the "**UCC**"), and the counsel for Certain Fire Victims (as defined in the Objection of Certain Fire Victims) each filed responses to the Joint Statement. The Debtors and TCC now address the arguments raised by the UCC and the counsel for Certain Fire Victims, which are without merit.

*First*, the UCC argues that, despite the Tort Claimant RSA requiring that the Fire Victim Claims be estimated at the Aggregate Fire Victim Consideration, the Fire Victim Claims should be estimated at "a sum certain"; namely, at $13.5 billion. (Dkt. No. 381 at 2.) However, as previously explained, including in the Joint Statement, the settlement stipulating to the Aggregate Fire Victim Consideration is the only estimated value for the Fire Victim Claims that has ever been agreed to by the parties to these proceedings; it is therefore the only settlement data point that the Court has for the

---

[1] Capitalized terms not defined herein shall have the meanings assigned to them in the Joint Statement.

JOINT RESPONSE OF THE DEBTORS AND THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO THE STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE OBJECTION OF CERTAIN FIRE VICTIMS
CIVIL CASE NO. 19-05257 (JD)
1

estimation of the value of the Fire Victim Claims. As the Debtors and the TCC noted in the Joint Statement, that Aggregate Fire Victim Consideration is a mix of consideration consisting of cash, stock and certain assigned claims, which could altogether be worth more or less than $13.5 billion, depending on stock value fluctuations and the value of actual recoveries on the assigned claims. (Dkt. 378 at 3-4.) The Court should not entertain the UCC's request to assign a fixed dollar value to the Fire Victim Claims without any evidence to support that estimated amount, but should rather estimate the Fire Victim Claims at the Aggregate Fire Victim Consideration—the only data point available to this Court on, and therefore the only appropriate estimation of, the value of the Fire Victim Claims. Indeed, the UCC reviewed the Debtors' revised proposed order submitted on May 20, 2020 which estimates the Fire Victim Claims at the Aggregate Fire Victim Consideration as defined in the Tort Claimant RSA and confirmed that they had no objections. (*See* Dkt. 367 at 2.)

*Second*, the UCC's concern that the Debtors and the TCC no longer require that the estimation be subject to the Bankruptcy Court confirming the Plan is misplaced. As expressly stated in both the proposed order submitted to the Court on May 20, 2020 (Dkt. No. 367-1), and in the alternative proposed language set forth in the Joint Statement, the Debtors and the TCC request that the Court estimate the Fire Victim Claims at the Aggregate Fire Victim Consideration, "[s]ubject to the Bankruptcy Court confirming the Plan and the occurrence of the Effective Date of the Plan". (Dkt. No. 378 at 4).

*Third*, the UCC's argument that it would be inappropriate for the Court to dismiss these proceedings without entering an estimation order has no merit. As noted in the Joint Statement, these estimation proceedings are the consequence of the Debtors' initial motion to estimate claims and the Debtors' Estimation Approval Motion. The withdrawal of the reference to this Court was triggered by the Debtors' initial motion. It is fully within the Debtors' rights to withdraw such motions, the result of which should be the dismissal of these proceedings in the event that the Court is not inclined to enter the proposed form of order submitted by the principal parties to the estimation motion

estimating the class of claims as the Aggregate Fire Victim Consideration.  This Court previously acknowledged the propriety of dismissing this proceeding following the parties' settlement at the hearing held on December 17, 2019.  *See* Dec. 17. 2019 Hr'g Tr. at 6:18-23 (Court: "Well, I'm just wondering. I don't think there's anything left here either way.  Planning [*sic*] gets approved, you're done -- I mean, the settlement gets approved, you're done.").

*Finally*, the complaints of counsel for Certain Fire Victims about the level of detail contained in the Joint Statement continue to be misplaced.  The Debtors and the TCC disclosed, in their Joint Statement, exactly the information requested by the Court in great detail.  *See* May 21, 2020 Hr'g Tr. at 34:21-24 (Court: "There's no evidentiary standard or requirement of any sort.  Nevertheless . . I did want to get some assurances that this was more than a mediation number."); *id.* at 35:3-9 (Court: "I think it would be good for the record and good for me and good for you, all of you, to put what you just said into a filing.")  The Debtors' prior submission amply demonstrated that the agreed Aggregate Fire Victim Consideration was more than a "mere mediation number"; rather, it was the result of an ample body of pre-trial evidence gathered and carefully examined and considered by the parties in reaching the agreement embodied in the Tort Claimant RSA.  Nothing further is necessary for all of the reasons discussed during the May 21, 2020, hearing and in the Debtors' prior submissions.

Dated: May 30, 2020

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH, SWAINE & MOORE LLP**
**KELLER BENVENUTTI KIM LLP**

/s/ *Kevin J. Orsini*
Kevin J. Orsini

*Attorneys for Debtors and Debtors in Possession*

**BAKER & HOSTETLER LLP**

/s/ *Robert A. Julian*
Robert A. Julian
Kimberly S. Morris
David J. Richardson

*Attorney for The Official Committee of Tort Claimants*

"Pursuant to Local Rule 5-1(i)(3), I, Thomas B. Rupp, attest that concurrence in filing this document has been obtained from the other signatories."

KELLER BENVENUTTI KIM LLP

/s/ *Thomas B. Rupp*

Thomas B. Rupp